**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **DAVID WYLY and USELESS CRYPTO, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LUCKY DOG HOLDING LTD.; BONK, INC.; BONK LIVE LTD.; MITCHELL RUDY; and JOHN DOES 1–10,**<br><br>**Defendants.** | **AMENDED MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:26-cv-00361-TS-JCB**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs David Wyly and Useless Crypto, LLC's (collectively, "Plaintiffs") motion to extend the time to effectuate service of process and for leave to conduct discovery before the Fed. R. Civ. P. 26(f) conference.[2] Plaintiffs claim this expedited discovery is aimed at learning the names and addresses Plaintiffs need to effect service.[3] Defendants Lucky Dog Holding Ltd. and Mitchell Rudy ("Participating Defendants") do not oppose extending the time for service but do oppose allowing discovery to proceed before the 26(f) conference and while their motion to dismiss is pending.[4] Plaintiffs in their reply withdraw

[1] ECF No. 22.

[2] ECF No. 18.

[3] *Id.* at 2.

[4] ECF No. 24.

their request to serve discovery on the Participating Defendants and claim to have trimmed the remaining requested discovery to conform with the Participating Defendants' objections.[5] That leaves as the contested issue Plaintiffs' request to conduct expedited discovery to learn the identities of the Doe Defendants.

"Generally, 'a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).'"[6] However,

> a court may exercise its broad discretion to alter the timing, sequence, and volume of discovery, including granting expedited discovery. The party seeking expedited discovery has the burden to show good cause for the requested departure from usual discovery procedures. Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant. For example, good cause may exist where a party seeks a preliminary injunction or where physical evidence may be consumed or destroyed with the passage of time.[7]

"District courts in the Tenth Circuit consider the following factors to determine whether good cause exists to support a motion for expedited discovery: '(1) whether a motion for preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how

---

[5] ECF No. 26 at 2.

[6] *Am. Equip. Sys., LLC v. Chester*, No. 223-CV-00680-DBB-DBP, 2023 WL 8261427, at *2 (D. Utah Nov. 29, 2023) (citation modified) (quoting Fed. R. Civ. P. 26(d)(1)).

[7] *Id.* (citation modified); *see also* *Vivint, Inc. v. Sunrun, Inc.*, No. 2:24-CV-0034-JNP-DBP, 2024 WL 3069228, at *1 (D. Utah June 20, 2024) (same).

far in advance of the typical discovery process the request was made.'"[8] The court considers each in turn.

The first factor cuts against allowing expedited discovery because no motion for preliminary injunction is pending. The second factor supports expedited discovery because Plaintiffs limit their requests to the information needed to learn the identities of the unknown Doe Defendants. The Participating Defendants argue that Plaintiffs' proposed subpoenas go beyond the stated purpose of identifying unknown defendants.[9] However, Plaintiffs represent that they have trimmed the proposed subpoenas to conform with the Participating Defendants' objections and to seek only the information necessary to identify the Doe Defendants.[10] As limited in Plaintiffs' reply, the breadth of the discovery requests supports allowing limited expedited discovery. Similarly, the third factor—the purpose for requesting expedited discovery—supports allowing expedited discovery because Plaintiffs require the sought information to proceed with their claims against the otherwise unknown Doe Defendants. The court treats the fourth factor as neutral because the burden of compliance falls on nonparties, not the Participating Defendants. Lastly, the fifth factor supports granting expedited discovery because the motion was filed far in advance of the typical discovery process. Under the court's order to propose schedule, the procedures for determining a schedule, including the requirement that the parties conduct a Rule 26(f) conference, are triggered upon the filing of the first answer

[8] *Andina Capital Management, LLC; et al. v. Zeb Lowe; et al.*, No. 1:26-CV-00096-JCB, 2026 WL 3096092, at *5 (D. Utah Oct. 16, 2026) (citation modified) (quoting *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *2 (D. Utah Nov. 29, 2023)).

[9] ECF No. 24 at 10-11.

[10] ECF No. 26 at 12-13.

to the complaint.[11] No answer has yet been filed. Indeed, the Participating Defendants have moved to dismiss the case,[12] making an answer unlikely to be filed until that motion has been decided. The motion for expedited discovery, therefore, was filed far in advance of the typical discovery process. After balancing the relevant factors and considering Plaintiffs' need for expedited discovery against the possible prejudice or hardship to Defendants,[13] the court finds good cause to grant Plaintiffs' request for expedited discovery.

For the reasons stated above, based upon Plaintiffs' representation that their modified requests conform to the Participating Defendants' objections, and based upon the Participating Defendants' lack of opposition to extending the time to effectuate service of process, the court finds good cause for extending the deadline to effectuate service of process and good cause to allow limited discovery before the Rule 26(f) conference. The court therefore GRANTS the motion[14] as revised in Plaintiffs' reply.[15] Accordingly, the court HEREBY ORDERS as follows:

(1) The time to effectuate service of process is extended to ninety days after the last response to the discovery authorized in this order. If any such subpoena remains unanswered when the status report required by paragraph 13 is due, Plaintiffs must identify it in that report and propose a date certain for service.

(2) To the extent Defendants Bonk, Inc. and Bonk Live Ltd. have not been served, and without any finding that they have not been, the time to serve those Defendants is

---

[11] ECF No. 4.

[12] ECF No. 14.

[13] *Am. Equip. Sys., LLC*, 2023 WL 8261427, at *2.

[14] ECF No. 18.

[15] ECF No. 26.

extended on the same terms. This order does not resolve, and is without prejudice to, any question concerning the sufficiency of the service already made.

(3) Plaintiffs may serve third-party subpoenas under Fed. R. Civ. P. 45, substantially in the form of the revised schedules filed as Exhibit A to Plaintiffs' reply,[16] on X Corp.; Coinbase, Inc.; Payward, Inc. and Payward Ventures, Inc. d/b/a Kraken; and GoDaddy.com, LLC, for the limited purpose of learning the identities of Defendants John Does 1–10 as described in paragraphs 24(1)–(10) of the complaint.[17]

(4) Plaintiffs have withdrawn their request for leave to serve written discovery on Defendants Lucky Dog Holding Ltd. and Mitchell Rudy (Exhibit G to the motion).[18] This order authorizes no discovery from any Defendant and is without prejudice to discovery in the ordinary course.

(5) Each subpoena is limited to documents sufficient to show, for each account, blockchain address, or domain listed in its schedule: the true name and any billing name; physical, mailing, and billing addresses; email addresses; telephone numbers; and the Internet Protocol addresses recorded at account creation and at the most recent login. The subpoenas may not seek the content of any communication, transaction history, or account balances.

(6) If a response identifies only an Internet Protocol address, an email address, or a telephone number, Plaintiffs may serve a subpoena on the provider of that address or number,

[16] ECF No. 26-1.

[17] ECF No. 1 at 6-12.

[18] ECF No. 18-7.

limited to documents sufficient to identify the subscriber or account holder associated with it, within the categories listed in paragraph 5, and subject to the same conditions as this order.

(7) Plaintiffs must serve a copy of this order with each subpoena.

(8) Within seven days after receiving a subpoena, the recipient must notify each affected account holder, registrant, or customer that his or her identifying information has been subpoenaed and must provide that person a copy of the subpoena and this order, using any reasonable means, including written notice to the email address or last known postal address on file.

(9) An affected person has twenty-one days from the date the recipient gives that notice to file a motion to quash or modify the subpoena and may do so anonymously for that purpose. The recipient may not produce responsive information before that period expires. If a motion is filed, the recipient may not produce the information of the person who filed it until the court rules on the motion.

(10) The recipient must preserve the subpoenaed information while any timely motion is pending. If no motion is filed, the recipient must produce responsive information within ten days after the objection period expires. If a motion is filed, the recipient must produce the information of the person who filed it within ten days after the court rules, and only to the extent the ruling permits.

(11) Plaintiffs may use the information disclosed in response to a subpoena only to protect and enforce the rights asserted in the complaint in this action. Improper use of that information may result in sanctions.

(12) Nothing in this order abrogates the protections afforded to subpoena recipients or to the Doe Defendants under Fed. R. Civ. P. 45(d) or excuses Plaintiffs from the notice required by Fed. R. Civ. P. 45(a)(4) and DUCivR 45-1 as to any party that has appeared.

(13) On or before January 22, 2027, Plaintiffs must file a status report describing the results of this discovery and must move to amend the complaint to name any Doe Defendant identified within thirty days after learning that Defendant's identity.

IT IS SO ORDERED.

DATED this 24th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge